WALTER J. ROTHSCHILD, Judge.
Vincent Caracci and Frank Caracci appeal from a judgment of the trial court *1001 granting a preliminary injunction.in favor of the Cobblestone Village Condominium Association. We affirm.
Plaintiff, Frank Caracci is the owner of a condominium unit within the development known as Cobblestone Village in Kenner, La. Plaintiff, Vincent Caracci is the resident of that condominium unit. Defendant, the Cobblestone Village Condominium Association, (CVCA), is a non-profit corporation designated as a manager of the condominium properties, In September of 2001, the Caracci unit sustained water damage which caused an infestation of toxic mold on the premises. The Carac-cis notified CVCA of these problems on September 26, 2001. CVCA through its insurer retained a mold contamination .evaluator. The report issued as a result of this evaluation confirmed the presence of mold contaminants within the Caracci unit and other units and further proposed remediation of this condition. The Carac-cis independently retained their own mold evaluation experts, who disagreed with the remediation plan proposed by the CVCA expert. On the [¡¡basis of this dispute, plaintiffs refused to allow CVCA to enter the premises to conduct th,e proposed mold remediation. ..
In May of 2002; plaintiffs filed the present suit for damages and breach of contract against CVCA,-its insurer and others for failure to maintain and repair the common elements of the condominium units, resulting in property damage to the Carac-ci unit. Subsequently, CVCA filed an answer and reconventibnal demand seeking a preliminary injunction'to obtain access to the Caracci unit to perform the remediation work.
This matter was heard by the trial court on September 20, 2003. At this hearing, the parties stipulated to a number of exhibits, including the condominium declaration, the subject insurance policy, reports of the mold assessment service, estimate for mold remediation, photographs of the properties , and general correspondence. The matter was taken under advisement by the trial court..
By judgment rendered on October 20, 2003, the trial court issued a preliminary injunction allowing CVCA access to - the Caracci’s condominium unit for the purpose of remediation services. The issuance of the injunction was conditioned on the posting of a- security bond in the amount of $1,000 by CVCA. It is from this judgment that the Caraccis now appeal.
By this appeal, the Caraccis raise six assignments of error. First, the Caraccis contend that the trial court erred in granting a preliminary ■ injunction where the condominium association had no authority to pursue the reconventional demand in this case. The Caraccis also contend that CVCA also was without power to contract with the remediation company as the remediation contract was not approved by the bylaws of the corporation. Further, plaintiffs contend that CVCA was without power to grant the remediation company indemnification. Plaintiffs also argue that the contract. between CVCA and the remediation company is illegal based on a 2003. Louisiana statute because the mold assessment service |4and the mold remediation service are owned by the same person. Plaintiffs argue that .CVCA breached its fiduciary duty to the Caraccis by contracting with the remediation service. Finally, the. Caraccis contend that .the bond set by the trial court for the preliminary mandatory injunction was insufficient.
Appellate courts review the issuance of a preliminary, injunction pursuant to the manifest error standard. Parish of Jefferson v. Lafreniere Park Foundation, 98-148 (La.App. 5 Cir. 7/28/98), 716 So.2.d 472, 478. In its reasons for judgment, the trial court stated as follows:
*1002 Upon of the law and the evidence, [sic], the Court finds that the defendant, Cobblestone Village Condominium Association is entitled to the relief sought for the purposes of performing mold remediation. Condominiums are- subject to both individual ownership and ownership .in indivisión of the common areas. Mold infestation is likely to affect individual units as well as common elements requiring a contractor to repair both areas. The association under the Condominium Declaration and the Louisiana Condominium Act is responsible for these repairs whether in individual units or common areas.
The plaintiffs raise several other issues, however, the Court finds that the only. issue pertinent to this particular proceeding is whether the Condominium Association has the right to enter the plaintiffs unit in order to perform remediation services. Therefore, the Court will not address any other issues at this time.
In order to obtain a preliminary injunction, a party must show its entitlement to relief by a preponderance of the evidence and must demonstrate that it will suffer irreparable injury absent the injunction. City of New Orleans v. Bd. of Directors of the Louisiana State Museum, 98-1170 (La.3/2/99), 739 So.2d 748, 756; Lafreniere Park Foundation v. The Friends of Lafreniere Park, Inc., 97-152 (La.App. 5 Cir. 7/29/97), 698 So.2d 449, 452, unit denied, 97-2196 (La.11/21/97), 703 So.2d 1312.
The Louisiana Condominium Act applies to property made subject to it by a condominium declaration duly executed and filed for registry. La. R.S.- |fi9:1121.102. Condominiums are a unique property regime under which portions of immovable property are subject to individual ownership and the remainder is owned in indivisión by the unit owners collectively. La. R.S. 9:112L103(12). A unit owners association, which must be organized when the condominium is created, manages and regulates the condominium. La. R.S. 9:1123.101, 102. The responsibility for maintaining property insurance and repairing the damaged or destroyed portions of the condominium is placed upon the unit owners association. La. R.S. 9:1123.112.
Cobblestone Village’s Condominium Declaration which is contained in the record sets forth the requirements of a unit owners association as established by statute; As such, CVCA had the responsibility and the authority to make repairs to damaged portions of the condominium units. There is no dispute in the present case that the remediation work to correct the mold infestation cannot be performed without access to the Caracci unit. The record shows that the mold infestation that is affecting the Caracci unit also affects other units on the premises and will continue to -spread without remediation. Thus, pursuant to the Louisiana Condominium Act and the Condominium Declaration executed by Cobblestone Village, CVCA is entitled to access to the condominium units as necessary to make the needed repairs.' We conclude that CVCA showed by a preponderance of the evidence that it was entitled to a preliminary injunction allowing them access to the Car-acci unit for the purpose of mold remediation, and that absent the injunction, CVCA will suffer irreparable injury. The trial court was not manifestly erroneous in granting the preliminary injunction in this case.
Further, we find no merit in the Caracci’s claim that the bond set by the trial court for the granting of the injunction was too low. The trial court stated in its reasons that the bond should be minimal, which determination is supported by *1003 evidence that the mold infestation requires remediation as quickly as possible and |fithe condominium declaration requires CVCA to properly repair this condition. We find no abuse of the trial court’s -discretion in setting bond in this case.
The Caraccis’s remaining arguments concern CVCA’s ability to contract with the mold remediation company, as well as the contents and legality of that contract. Based on its determination that the only issue pertinent to the request for a preliminary injunction was whether CVCA had the right to enter the Caracci unit to perform remediation services, the trial court refused to address the other issues raised by plaintiffs regarding the remediation contract. W,e agree with this determination, and we further find that none of the issues raised by plaintiffs in brief affects the legal and contractual rights, and responsibilities of the condominium association to gain access to plaintiffs’ unit for the purposes of remediation and repair.
Accordingly, for the reasons assigned herein, the judgment of the trial court granting a preliminary injunction in favor of the Cobblestone Village Condominium Association and against plaintiffs, Vincent and Frank Caracci is hereby affirmed. Plaintiffs are to bear all costs of this appeal.

AFFIRMED

EDWARDS, J., dissents with reasons.