JAMES L. CANNELLA, Judge.
|gThe Plaintiffs, Frank Caracci and Vincent Caracci, appeal from a summary judgment in a property owners’ condominium dispute which dismissed their suit against individual condominium officers, Anthony Scandialato (Scandialato), Louis A. Heyd, Jr. (Heyd), and Daniel A. Cali, Sr. (Cali) (Defendants). We affirm. .
Frank Caracci owns a condominium unit in Cobblestone Village. Vincent Caracci is his tenant. In September of 2001, the unit sustained water and mold damage, allegedly from defects in the common areas. The Plaintiffs notified the officers of the Cobblestone Village Condominium Association (Association) of the problem. On November 1, 2001, the Association, acting through its Board of Directors (Board), notified the condominium’s insurer, Massachusetts Bay Insurance Company (Massachusetts) of the problems. Subsequently, the insurer hired Quick & Associates, Inc. (Quick) to survey the damage and to issue a report with recommendations.
[sOn May 7, 2002, the Plaintiffs sued the Association, Hanover Insurance Company, Board members, Scandialato and Shelly Stephens, and XYZ insurance company. The petition was later amended to include Massachusetts (the correct insurer and Hanover’s wholly owned and affiliated company), and Board members, Heyd, Cali, Sharon Lemoine (Lemoine), Marie Davis (Davis), and Richard Shephard (She-phard).[1] Quick’s report was not completed and submitted to Massachusetts until one year later, September 20, 2002. Shortly after, on October 28, 2002, Massachusetts issued a check to the Association for $67,916.35 to cover the cost of the repairs. The Association then contracted with American Remediation & Restoration (American) to perform the repairs for $72,429.34. The contract, executed in January of 2003, contains an indemnification clause in which the Association agrees to indemnify American for any claims related to the work.[2]
On February 2, 2005, Scandialato, Heyd and Cali filed for summary judgment under La.R.S. 9:2792.7, the immunity statute for unpaid directors, officers or trustees of a homeowners association. A hearing was *544 held in March of 2005. On May 5, 2005, the trial judge granted the motion dismissing movers from the suit.[3]
On appeal, the Plaintiffs assert that the trial judge erred in granting the motion for summary judgment because there is a disputed issue of material fact regarding whether the individual Defendants are immune under La.R.S. 9:2792.7 by acting in good faith, and without wanton or reckless disregard for the Plaintiffs, and whether they breached their fiduciary duty to the Plaintiffs.
|4The Plaintiffs assert that Scandialato’s, Heyd’s and Cali’s conduct were in bad faith and wanton and reckless, precluding immunity under the statute for damages sustained by the Plaintiffs. The Plaintiffs assert that it is undisputed that Quick did not issue its report for one year, which allowed the mold to grow, causing the damage to become so extensive that the unit became uninhabitable. They argue that Scandialato, Heyd and Cali should have taken action sooner to remediate the mold problem in their unit and were in bad faith and breached their fiduciary duty to the Plaintiffs by failing to consider the defects in Quick’s recommendations that were discovered by their expert and that was provided to them for their review prior to retaining American. They argue that they had a non-delegable duty to investigate the claims of the Plaintiffs’ expert regarding the Quick recommendations in order to guard the interest of the Association members before contracting with American.
The Plaintiffs further argue that Scan-dialato, Heyd and Cali were in bad faith by acting outside the scope of their authority when they violated their own resolution of August 19, 2002 that required unit owner consent before accepting the insurance proceeds for the mold damage. Further, the Plaintiffs contend that they violated the Condominium Declaration and ByLaws and acted outside their authority by granting indemnification to American for claims arising from the contract. The Plaintiffs further contend that they breached their fiduciary duties by filing the injunction against the Plaintiffs.
Scandialato, Heyd and Cali respond that there are no material issues of disputed fact. They contend that the Plaintiffs did not plead willful/wanton misconduct in their petitions, that the allegations in opposition to the motion are legal conclusions, and that the legal standard under R.S. 9:2792.7 is willful and wanton conduct, not bad faith. They assert that the Condominium Declaration and |sBy-Laws allow the Association to enter into contracts for the benefit of the condominium, which implicitly includes the right to indemnify the contractor since the indemnity agreement does not affect the Plaintiffs’ right to sue American. They assert that the Condominium Declaration provides that insurance proceeds are to be paid first to repair damages, with .any excess to be held in trust for the owners.
Scandialato, Heyd and Cali contend that they acted in the best interest of all unit owners. Within two months from the notice of the damage, they notified Massachusetts, which funded Quick as soon as practical to evaluate the problem. The delay in Quick’s report was not their fault because they had no control over the evaluator. Furthermore, as soon as they received the insurance proceeds they hired American to repair the damages. They note that they were forced to file the injunction, further delaying the repairs because the Plaintiffs refused American access to their unit, despite the Con *545 dominium Documents that authorize the Association the right to make repairs to the common areas and to enter any unit to make emergency repairs. Thus, the additional delay in attending to the Plaintiffs’ unit was caused by the Plaintiffs own refusal to allow American entry to remediate the mold damage.
La.R.S. 9:2792.7 provides in part:
A. A person who serves as a director, officer, or trustee of a homeowners association and who is not compensated for such services on a salary basis shall not be individually liable for any act or omission resulting in damage or injury, arising out of the exercise of his judgment in the formation and implementation of policy while acting as a director, officer, or trustee of that association, or arising out of the management of the affairs of that association, provided he was acting in good faith and within the scope of his official Junctions and duties, unless such damage or injury was caused by his willful or wanton misconduct.
|fiB. For purposes of this Section, “homeowners association” means any of the following:
(1) A condominium association as defined in the Louisiana Condominium Act, R.S. 9:1121.101 et seq.[ Emphasis added.]
The Condominium Declaration (Declaration) grants to the Association, which is comprised of all unit owners, “all of the powers necessary” to govern, manage, maintain, repair, administer and regulate” the property. Condominium Declaration, Article IV, paragraph 2. It authorizes the Association to make any necessary repairs to the common elements, and to enter individual units to perform emergency repairs. Id. It also requires insurance proceeds received for property damage to be paid to the Association, which shall pay for repairs first and to hold any excess in trust. Condominium Declaration, Article VII, paragraph 2. The Board of Directors acts for the Association.
The Resolution referred to by the Plaintiffs was not placed into evidence. However, Scandialato, Heyd and Cali did not address this issue, and we will presume that the quoted language in the Plaintiffs’ pleadings is accurate. In that resolution, the Board agreed to obtain the “claimants” approval before accepting insurance proceeds.
La.C.C.P. art. 966 B, provides in pertinent part that the summary judgment sought “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” A motion for summary judgment is reviewed by appellate courts de novo, using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750; Kinchen v. Louie Dabdoub Sell Cars, Inc., 05-218, p. 5 (La.App. 5th Cir.10/6/05), 912 So.2d 715, 717. The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of most actions. La.C.C.P. art. 966 A(2); Kinchen, 05-218 at p. 5, 912 So.2d at 717.
The burden of proof is on the movant. Kinchen, 05-218 at p. 5, 912 So.2d at 717. However, if the movant will not bear the burden of proof at trial on the matter that is before the trial court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the trial court that there is an absence of factual support for *546 one or more elements essential to the adverse party’s claim, action, or defense. Kinchen, 05-218 at p. 5, 912 So.2d at 717-718. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966 C(2); Kinchen, 05-218 at p. 5, 912 So.2d at 718. After the motion for summary judgment has been properly supported by the movant, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. Kinchen, 05-218 at p. 5, 912 So.2d at 718.
In this case, Scandialato, Heyd and Cali can only be held liable under R.S. 9:2792.7 if their management of the mold problem was in bad faith and constituted willful and wanton misconduct. Although these may be factual determinations based on their conduct, which might ordinarily preclude summary judgment in a negligence case, we find that the evidence submitted in this case shows that their conduct in this case does not rise to the level of bad faith and willful and wanton misconduct required for liability under R.S. 9:2792.7. While the Association may be hable for its negligence, a greater degree of fault is necessary to hold the unpaid individual Board members liable for their actions on behalf of the Association. |sThus, we find that the trial judge did not err in granting the Defendants’ motion summary judgment.
Accordingly, the judgment is hereby affirmed. Costs of the appeal are to be paid by Plaintiffs.

AFFIRMED.

. Stephens, Lemoine, Davis, and Shephard were never served and are no longer parties in the case.

. In July of 2003, the Association filed a re-conventional demand, requesting an injunction against the Plaintiffs for refusing to allow American into the unit to make the repairs. The injunction was granted. On appeal, this Court affirmed. The Louisiana Supreme Court denied supervisory writs. See: Caracci v. Cobblestone Village Condominium Ass’n, 03-1487 (La.App. 5th Cir.5/26/04), 877 So.2d 1000; writ denied, Caracci v. Cobblestone Village Condominium Ass'n, 04-2290 (La.11/19/04), 888 So.2d 207.

. The other Defendants remain in the suit.